IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLENE BRIGHAM, as personal       Civil No. 00-6293-HO
representative of the Estate of
JAMES BRIGHAM, et al.,              ORDER

        v.

EUGENE WATER & ELECTRIC BOARD,
an agency of the CITY OF EUGENE,
a municipal corporation,

        Defendant.

Employees of an electric utility sought overtime pay under the Federal Labor Standards Act (FLSA) and Oregon state law. This court granted summary judgment for the defendant utility. The court of appeals vacated the judgment and remanded for calculation of overtime under the formula announced by that court, and for reconsideration of the state law claims. Brigham v. Eugene Water & Electric Board, 357 F.3d 931, 942-43 (9th Cir. 2004). This court subsequently held that it will exercise supplemental jurisdiction over the state law overtime claims, and

that the same analysis should be used under federal and state law to determine the number of hours worked. See Orders dated May 14 and October 29, 2004. The parties filed briefs regarding the overtime claims. The undisputed facts and factual background are set forth in the order dated August 30, 2001, and in the opinion of the court of appeals.

## Discussion

Hours worked in excess of 40 in a given workweek must be paid at not less than one and one-half times the regular rate. 29 U.S.C. § 207(a)(1); see also Or.Rev.Stat. § 653.268(1). Plaintiffs worked ten-hour "maintenance" shifts for which they were paid ten hours' wages; work beyond ten hours was paid at a double-time rate. Brigham, 357 F.3d at 933-34. During 24-hour "duty" shifts, plaintiffs performed about six hours of scheduled work, and had to remain at the Carmen Smith Hydroelectic Project, where they were required to live in housing provided by defendant. Id. at 934; Def's CSMF [#37] at 2, Pls' Opp. [#48] at 2-3. Plaintiffs received, inter alia, ten hours' wages for each duty shift, and compensation at a double-time rate for call-out time lasting beyond a call's first 15 minutes. Brigham, 357 F.3d at 934.

Defendant submitted spreadsheets reflecting plaintiffs' time records. L'Estrange Decl., ¶ 5. The parties do not dispute that the spreadsheets accurately reflect (1) entries made by

plaintiffs on their original time records, and (2) the overtime hours for which plaintiffs were paid. The parties dispute whether the court can determine from the spreadsheets the amount, if any, of unpaid overtime hours worked by plaintiffs.

Plaintiffs contend that a trier of fact can identify weeks in which a plaintiff worked overtime by adding four hours for on-call duty shift time for each duty shift worked to the number of "regular" hours worked in a week.[1] The employee is then entitled to overtime compensation for hours worked beyond 40. Pls' Brief at 3. Plaintiffs arrive at this formula based upon portions of the court of appeals's opinion suggesting that the parties agreed to treat otherwise formally uncompensated duty shift call time as equivalent to four hours' actual work. See Brigham, 357 F.3d at 941, 942. Plaintiffs argue that because defendant will not stipulate that the spreadsheets accurately reflect time spent working on duty shifts apart from on-call time, a trial is necessary to determine the number of hours worked in weeks that include duty shifts. Pls' Brief at 8. Plaintiffs apparently

---

[1] By "regular" hours, plaintiffs apparently mean maintenance shifts, overtime hours, and duty shift hours recorded under the heading "operations," but not duty shift hours recorded under the heading "maintenance." According to plaintiffs, duty shifts can be identified on the spreadsheets by the fact that some hours are attributed to "operations" as opposed to "maintenance." Pls' Brief at 5. Although it is undisputed that plaintiffs performed approximately six hours scheduled work on duty shifts, defendants assert that only about 24 of 4,300 daily time records reflect six hours under the "operations" category allegedly indicative of "duty" shifts. Def's Brief at 5, n.1.

3 - ORDER

maintain that the spreadsheets accurately reflect the number of duty shift hours worked exclusive of call time, but do not accurately reflect hours worked on duty shift call time.

Defendant contends that plaintiffs' proposed method for calculating hours worked in a given week ignores the fact previously conceded by plaintiffs and found undisputed by this court and the court of appeals - that plaintiffs performed only about six hours of scheduled work on duty shifts. Defendant further contends that plaintiffs' method is contrary to the court of appeals's remand instructions.

After noting plaintiffs were paid ten hours' wages for 24-hour duty shifts, which entailed only about six hours of scheduled work, the court of appeals considered "whether the (formally) uncompensated 14 hours of each 24-hour duty shift constituted compensable working time within the meaning of the FLSA." Brigham, 357 F.3d at 934-35. The court held that although factors identified in Owens v. Local No. 169, Ass'n of W. Pulp & Paper Worker, 971 F.2d 347, 350 (9th Cir. 1992) weighed narrowly in favor of plaintiffs, the parties nevertheless had a reasonable agreement "treating the otherwise formally uncompensated duty shift call time as equivalent to four hours' actual work." Id. at. 938, 941-42. The court of appeals ordered the case remanded, based on the following reasoning.

> Although the record suggests that the employees usually worked three maintenance shifts and one duty shift in a

4 - ORDER

> given workweek – a schedule that would, under the
> analysis we set forth today, entail exactly 40 hours of
> compensable working time and thus no overtime – it is
> not clear that the employees always worked such a
> schedule. Indeed, the district court noted that the
> employees "often . . . were on duty for 60 or more
> hours in a work week." Such a statement can only make
> sense if the employees sometimes worked at least four
> maintenance shifts and one duty shift in a workweek (40
> maintenance hours plus 24 duty hours, or 64 total hours
> constituting 50 compensable hours under the formula we
> announce here), or three maintenance shifts and two
> duty shifts (30 maintenance hours plus 48 duty hours,
> or 78 total hours also constituting 50 compensable
> hours).[2]
> * * *
> [W]e must remand this case for a calculation of how
> much overtime each of the employees is owed under the
> formula we elaborate today.

Brigham, 357 F.3d at 942.

If "formally uncompensated duty shift call time" refers to the "(formally) uncompensated 14 hours of each 24-hour duty shift" (See Brigham, 357 F.3d at 935), it would seem appropriate to add four hours to the ten hours reported for each duty shift for determining hours worked, for a total of fourteen hours.[3]

---

[2]Other possibilities are that plaintiffs worked two maintenance shifts and two duty shifts in a workweek (20 maintenance hours plus 48 duty hours, or 68 total hours constituting 40 compensable hours under the formula announced by the court of appeals), or three duty shifts (72 total hours constituting 30 compensable hours). Defendant's spreadsheets indicate it was not uncommon for plaintiffs to work two maintenance shifts and two duty shifts in a workweek.

[3]Without distinguishing between formally compensated and uncompensated call time, the opinion elsewhere states that the agreement between the parties "suggests . . . that the parties agreed that duty shift call time was equivalent to about four hours' actual work on a maintenance shift." Brigham, 357 F.3d at 941.

5 - ORDER

Not even plaintiffs take this position, however.  As noted, plaintiffs advocate adding four hours to the "operation" hours logged for each duty shift.  When the number of operation hours on a duty shift exceeds six, plaintiffs' method would result in more hours worked than evidenced on the spreadsheets.  This is so, according to plaintiffs, because the total number of operations and maintenance hours on duty shifts always equals ten.  Plaintiffs contend that if they worked more than six hours on a duty shift in the plant (that is, on "operations," in the parlance of the spreadsheets), defendant received their duty shift on-call time for free.

Plaintiffs construe the court of appeals' opinion too narrowly.  That court's calculations, quoted above, make sense only if 24-hour duty shifts are counted as ten hours for purposes of determining the number of hours worked.  Other conceptions of the agreement between the parties must be rejected.  Portions of the court of appeals's opinion indicating that the parties agreed to treat formally uncompensated duty shift call time as equivalent to four hours' actual work must be understood in the context of undisputed facts regarding the agreed upon terms of defendant's duty shift compensation policy (ten hours' compensation for each 24-hour duty shift, exclusive of call-out time beyond the first fifteen minutes of each call), and the approximate amount of scheduled work on duty shifts (six hours).

Def's CSMF [#37] at 2 (Fact 2), Pls' Opp. [#48] at 2-3; Brigham, 357 F.3d at 934, 939. Plaintiffs cannot now use the time sheets to contradict the admitted fact, based on their testimony, that they performed approximately six hours of scheduled work and remained on-call for the balance of the 24-hour duty shifts. Further, if plaintiffs sometimes worked more or less than six hours in the plant on a duty shift, the parties' agreement was nevertheless reasonable for determining the number of hours worked in circumstances where it is difficult to determine that number exactly. See Brigham, 357 F.3d at 940 (citing to 29 C.F.R. § 785.23 (2003)). The calculations quoted above convince this court that the court of appeals accepted the parties' agreement for determining the number of hours worked on duty shifts. This court has previously indicated that it views the agreement as deeming duty shift scheduled and call time equivalent to ten hours' actual work. Order dated October 29, 2004, at 7, 9.

Defendants contend that its spreadsheets demonstrate that plaintiffs have no overtime claim under federal law, because the spreadsheets evidence that there were no weeks in which plaintiffs worked more than four ten-hour shifts, but were not paid overtime. Plaintiffs' claims for overtime apparently depend upon a method of calculating hours worked that this court rejects. Plaintiffs point to no evidence that they worked

overtime hours for which they were not paid the required rate under the formula announced or elaborated by the court of appeals, as this court understands the formula. As noted, the court previously held it would apply the same analysis to plaintiffs' federal and state overtime claims. Defendant is therefore entitled to summary judgment.

## Conclusion

Based on the foregoing, the clerk is directed to enter judgment in favor of defendant.

IT IS SO ORDERED.

DATED this 4th day of August, 2005.

                                                        Michael R. Hogan
                                                  United States District Judge